**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JAMES E. BOHL, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　 )<br>　　v. 　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>WASTE MANAGEMENT OF 　 )<br>INDIANA, LLC, 　　　　　 )<br>　　　　Defendant. 　　　 ) | Cause No.: 2:13-CV-428-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Petition to Intervene [DE 27] filed by non-party Munich Re on February 24, 2015. Plaintiff filed a response in opposition on March 5, 2015, and Munich Re filed a reply on March 10, 2015.

This is a personal injury case. Plaintiff alleges that he was injured on Defendant's property while in the course of his employment for a company called Fresno Transport, which is not a party to this lawsuit. Munich Re, which now seeks to intervene in this case, represents that it is Fresno Transport's workers' compensation carrier. It explains that Plaintiff applied for and received workers' compensation payments as a result of his injury and that it has paid, and expects to continue to pay, workers' compensation benefits to Plaintiff. It contends that it is entitled to reimbursement from any settlement or judgment in this lawsuit pursuant to the Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. 305/5.

As clarified by Munich Re in its reply brief, it is asking the Court for leave to intervene under Federal Rule of Civil Procedure 24(b). The Petition is not properly before the Court. To begin with, a Rule 24 motion to intervene "must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c); *Shevlin v. Schewe*, 809 F.2d 447,

450 (7th Cir. 1987). Munich Re has not filed a pleading with this Petition.[1] And the Petition is not itself a pleading either. *See* Fed. R. Civ. P. 7(a).

Further, the Court has no assurance that it has independent jurisdiction over Munich Re's claims. *See Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007) ("[Rule 24(b)] [p]ermissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and where there is independent jurisdiction."). The Court has jurisdiction over this case based on the parties' diversity of citizenship. *See* 28 U.S.C. § 1332. Nothing on the docket or in the briefing sheds any light on Munich Re's citizenship. And the Court therefore has no idea whether this Petition is properly before it.

Moreover, a "motion to intervene must be served on the parties as provided in Rule 5." Fed. R. Civ. P. 24(c). But Munich Re's Petition does not include a certificate of service, as required by Rule 5(d). Fed. R. Civ. P. 5(d); *see also* N.D. Ind. CM/ECF Civil & Crim. User Manual at p.8 ("A Certificate of Service is still a requirement when filing documents electronically."). In light of these failures, the Court **DENIES without prejudice** Munich Re's Petition to Intervene [DE 27].

SO ORDERED this 27th day of March, 2015

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record

---

[1] The Petition *was* included as an attachment to an earlier motion in this case. However, that motion only sought leave to *file* a Petition to Intervene. It was not itself a Rule 24 motion.